# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR417-051 |
| | ) | |
| NATHANIEL PUGH | ) | |

## ORDER

Samuel Oliver, appointed by the Court to represent defendant Nathaniel Pugh, has filed a motion to withdraw as counsel after his client (1) insisted that he file a suppression motion that counsel believes to be unsupported by the facts and law and (2) lodged a complaint with the State Bar of Georgia accusing Oliver of ineffective performance in this case. Doc. 56. After the Court scheduled the matter for a hearing, Pugh submitted a letter accusing Oliver of not representing him effectively by, among other things, refusing to file his requested suppression motion. Doc. 59.

After hearing from Oliver, Pugh, and government counsel earlier today, the Court finds no basis for excusing Mr. Oliver from further representation of Pugh. It is undisputed that Oliver has met with his client on multiple occasions and has been diligent in seeking

and obtaining discovery from the government. *See* Docs. 24-39. It is evident that Oliver has mastered the underlying facts of the case and has looked into Pugh's claim that his Fourth Amendment rights were somehow violated by the manner in which the government secured a warrant to search his vehicle and seize the evidence that forms the basis of this prosecution. As is true in so many other criminal cases, Oliver and his client have simply reached different conclusions about whether there is a sound basis for seeking to suppress that evidence.

"[A]n attorney's ethical duty to advance the interests of his client is limited by an equally solemn duty to comply with the law and standards of professional conduct . . . ." *Nix v. Whiteside*, 475 U.S. 157, 168 (1986). An attorney, therefore, must exercise his independent professional judgment and file only those motions or raise only those claims that have potential merit. *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1327 (11th Cir. 2002) ("An attorney should not be an unreflecting conduit through which the opinions or desires of a client or witness are permitted to flow unchecked."). Thus, if the client insists that an attorney file a motion or take a position that the attorney does not personally believe to have any

2

factual or legal merit, "the attorney must stand his . . . ground and refuse to act in the manner that flies in the face of the relevant ethics rules." *Id*. at 1327-28. "Given this duty, it follows that an attorney cannot 'file first and think later,' . . . , thereby neglecting to employ his or her independent professional judgment to consider the plausibility and the appropriateness of what is asserted in the filed document." *Id*. at 1327 (citation omitted). Oliver, therefore, has not shirked his duty by refusing to file a motion that he believes to be unwarranted by the facts and the law.

At the hearing, Pugh expressed his desire to have the Court excuse Mr. Oliver and appoint new counsel to represent him in this case. As an indigent, Pugh "has an absolute right to be represented by counsel, but he does not have a right to have a particular lawyer represent him . . . , nor to demand a different appointed lawyer except for good cause." *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985). Pugh has not shown good cause to excuse Oliver, who has been a zealous advocate for his client but has simply reached a different conclusion about the viability of the proposed suppression motion. Nonetheless, given the sincerity of Pugh's belief that the evidence

3

against him was somehow unlawfully obtained and Oliver's own representation that he has been placed in an "untenable position" because of his client's loss of trust, the Court will appoint a second attorney -- for a limited time and purpose -- to meet with Pugh and to discuss with him the basis of his belief that there are legitimate grounds for filing a motion to suppress evidence in this case. The Court selects Mr. Richard Braun, with whom Mr. Oliver has already consulted about the background of the case, his client's desire for the filing of the suppression motion, and the propriety of Oliver's conduct in refusing to do so. Braun shall meet with the defendant no later than Friday, September 1, 2017, and then shall forthwith communicate his views about the matter to both the defendant and Oliver. Mr. Braun shall then be excused from any further work in this case and his appointment as co-counsel shall come to an end. Should it then be determined by Oliver that a motion to suppress is appropriate, he shall file that motion by no later than September 8, 2017.

Pugh is again reminded that it is not always possible for a defense attorney to fashion a motion to suppress evidence, or any

4

other motion, simply because his client deems it appropriate to do so. "Independent judgment is an essential ingredient of good lawyering, since attorneys have duties not only to their clients, but also as officers of the court, to the 'system of justice' as a whole." *Thomas*, 293 F.3d at 1327 (citation omitted). An attorney does not serve as a mere mouthpiece or alter ego for his client, obligated to urge any motion or argument that his client wishes him to file. Indeed, an attorney may face sanctions if he persists in filing a motion that he genuinely believes has no factual or legal merit. Pugh has chosen to be represented by counsel in this case. Ultimately, he must defer to and abide by his lawyer's professional judgment as to whether there are proper grounds to support the filing of a motion to suppress.

**SO ORDERED,** this 23rd day of August, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA